

**Hon. Sylvia Hinds-Radix**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Gati J. Dalal**
Administrative Law Division
(212) 356-2194
gdalal@law.nyc.gov

April 19, 2023

**BY ECF**
Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

MEMORANDUM ENDORSED

Re:   Jerome W. Dewald v. The City of New York, et. al., 22-CV-08210 (JHR)

Dear Judge Gorenstein:

      I am an attorney in the office of Sylvia Hinds-Radix, Corporation Counsel of the City of New York, counsel for the defendants in the above-referenced action. I write pursuant to Your Honor's Order (ECF Dkt. # 26) to request a stay of discovery in this matter until disposition of the motion to dismiss. On January 9, 2023, defendants filed a motion to dismiss the complaint for lack of standing and failure to state a claim. (ECF Dkt. #17, 18). Plaintiff filed opposition on March 26, 2023 (ECF Dkt. #24), and defendants' reply is due May 9, 2023 (See ECF Dkt. #21). I now write to request that this Court stay discovery pending the full submission and determination of defendants' motion to dismiss the complaint. On April 14, 2023, the undersigned contacted plaintiff to determine if plaintiff would consent to defendants' application to stay discovery until the motion to dismiss was decided; plaintiff agreed that it was a reasonable approach.

      Although the mere filing of a motion to dismiss does not automatically stay discovery, the facts of this case present the necessary "good cause" to warrant a stay. Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (SDNY 2013). Factors the Court should consider to assess a stay are: "(1) the breadth of the discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." Id. (quoting Brooks v. Macy's Inc., 2010 U.S. Dist. LEXIS 135415, at *1 [SDNY Dec. 21, 2020]). Importantly, "a stay of

discovery is appropriate pending the resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way 'does not appear to be without foundation in law.'" In re Currency Conv. Fee Antitr. Litig., 2002 U.S. Dist. LEXIS 974, *4 (SDNY Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Pwr. Corp., 137 F.R.D. 209, 209–210 [SDNY 1991]).

Here, consideration of all these factors merits a stay. First, plaintiff has not served any discovery demands upon defendants so there can be no prejudice to plaintiff if a stay is granted. Second, based upon the April 14, 2023 email correspondence, plaintiff does not appear to be opposing defendants' request for a stay of discovery until the motion to dismiss is decided. Third, defendants' motion to dismiss the action is based on substantial grounds and is not without foundation in law, as detailed in its moving papers. See Dkt. # 18. Without re-litigating the brief, defendants presented a "substantial" argument that plaintiff failed to establish standing as there is no "injury in fact" and any injury cannot be redressed by a favorable decision here anyhow. Additionally, plaintiff failed to state a cause of action under Title II of the American with Disabilities Act and Section 504 of the Rehabilitation Act of 1973 and, nonetheless, the relief sought in the nature of mandamus is not available to compel discretionary government actions such as enforcement of laws and rules.

Defendants respectfully request Your Honor to schedule a conference, if needed, to discuss defendants' proposed motion to stay discovery pending resolution of the motion to dismiss.[1] Thank you for your consideration of this request.

Respectfully submitted,

/s/

Gati J. Dalal
Assistant Corporation Counsel

cc:   Jerome W. Dewald, pro se (via ECF)

The application for a stay of discovery pending Judge Rearden's decision on the motion to dismiss is granted without opposition.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
May 3, 2023

---

[1] Please note that a Rule 26 conference has not yet been scheduled in this matter and so initial disclosures have not been exchanged between the parties.